lioREBLOWER, C. J.
This is an action brought by the second assignee of a bond. The declaration contains two counts. The 1st. on a bond made by Bowers the defendant, to Thomas B. Wood and Charles Wood, and by them assigned to Dudley L. Earnam, and by him assigned to the plaintiff. The 2d count is on a bond given by the defendant to the said Thomas B. Wood and Charles Wood, and by the said Thomas B. Wood for and in behalf of the said Charles Wood and of himself, assigned to the said D. L. Farnam ; and by him assigned to the plaintiff. The assignment to Farnam is set out in these words; “ For value received we do assign all our right, title and interest of the within bond, to D. L. Farnam; Witness our hands, the 6th Oct. 1834, Thomas B. Wood, Charles Wood,” — and the plaintiff then avers, that by the said assignment, he the said Thomas B. Wood, for and in behalf of himself and the said Charles Wood, then and there ordered and appointed the said sum of money in the said last mentioned writing obligatory, to be paid &c.”
To this declaration the defendant has pleaded, 1st. That the said writing obligatory, [whether he means the one stated in the first, or the one set forth in the second count, does not appear] is not his deed. And 2rlly actio non, because the said Thomas B. Wood and Charles Wood did not assign the said writing obligatory, to the said D. L. Farnam, in modo et forma; and concludes with a verification.
To the 1st plea, the plaintiff has added a similiter, and to the 2d, he has put in a demurrer, assigning causes, arid the defendant has joined in demurrer.
If I supposed that the parties could place themselves in a better situation in court, than they now are, I would recommend to them, to withdraw the record and amend their pleadings, on both sides; but as it is probable, the plaintiff has but one bond, and that he derives title to that, under an assignment made by one of the obligees only, an opinion upon the right of the plaintiff to maintain this action, may prevent further litigation.
The 2d plea is undoubtedly bad, not because as the plaintiff supposes, it is actio non instead of onerari non. The defendant *19 does not by this plea, deny the validity of the deed, but he controverts the plaintiffs title to it — (2 Chitt. pl. 462 n. r. Brown v. Cornish, 1 Salk. 516 S. C. in 1 Ld. Raym. 217.) But the plea is bad, for two reasons; 1st for uncertainity ; it is “ that the obligees did not assign the said writing obligatory whereas there are two bonds and two different assignments set out in the declaration ; one assignment by ¿he obligees ; and the other, by one of the obligees for himself and the other. The plea does not specify the count to which it is intended to be applied. And 2dly. If the declaration contained but one count, upon a bond assigned by the obligees, a plea denying such assignment, in modo et forma, should conclude to the country and not with a verification, as this does.
But the question recurs upon the sufficiency of the plaintiff's declaration. If the 2d count gives the true history of his title to the bond, then it may not be wise in him to pursue this claim any farther, in this court.
The plaintiff doblares on a bond made to two, and sets out a title to it, derived from one of them only, without shewing how lie became the sole owner, or by what authority he undertook to assign the whole bond — or rather, setting up a title to the bond, by an assignment from both obligees, executed by one of them only, in the names of himself and his co-obligee, without shewing by what right or authority, he so acted.
If the obligees were partners, and the bond was partnership property, and it was so stated in the declaration, it might present another question. But there is no allegation of that sort. Upon the face of the declaration, the bond was the property of both obligees; — they were part owners; tenants in common, not partners, nor joint-tenants. It is true, the obligation was to them jointly, and the right of action for the sake of the remedy on such bonds, is joint, and would consequently go to the survivor, but the proceeds, the beneficial interest, would not survive, but belong to the survivor and the representatives of the deceased obligee, according to their original rights in the debt —-Co. Litt. sect. 21, Fox v. Hanbury, Cowp. R. 445. But one part owner, or one of several obligees in a bond, has no right to assign it; nor has he any authority to execute an assignment in the names of himself and his co-obligees, unless specially authorized so to do.
*20 Admitting therefore, the facts stated by the plaintiff in the 2d count of his declaration, it does not appear by his own showing, that he is entitled to the bond in question. If Thomas B. Wood had a special authority to make the assignment, as Attorney in fact for Charles Wood, then it would be an assignment by them, and not as the plaintiff has declared, an assignment, by Thomas B. Wood, for himself and Charles Wood.
Carrick v. Vickery, (determined in B. R. 23 Geo. 3. reported in the addition to JDougl. JR. 31, and referred to, by Cary on partn. 46, Law JLib. vol. 5) was on a bill of exchange drawn in favor of two persons, payees who were not partners, and endorsed by only one of them. In an action against the acceptor, by the Indorsee, Ld. Mansfield and the other Judges, considering it a mercantile instrument, were strongly inclined to sustain the action, on the ground, that the payees by taking a bill payable to their order, made themselves partners, as to that particular transaction. But upon a second trial, judgment was given against the plaintiff, on the ground, that the bill should have been indorsed by both of the payees. So a part owner cannot bind his co-tenants, for insurance —French v. Backhouse—5 Burr. 2727. Hooper v. Lusby 4 Campb. N. P. 66.
It is unnecessary to pursue this point any farther; and if the plaintiff’s declaration contained only the 2d count, judgment must have been given against him, notwithstanding the plea is bad; because that count would itself be bad on demurrer. But as the plaintiff has one good count in the declaration, and the plea is bad, the demurrer must be sustained.
Judgment for plaintiff, with leave to the defendant, to amend, on payment of costs.
Ford and Ryerson, Justices, concurred.